IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SOUTHERN INSURANCE COMPANY,        )
                                   )
                Plaintiff,         )
vs.                                )      Case No. CIV-12-458-KEW
                                   )
NANCY HILL,                        )
                                   )
                Defendant.         )

## OPINION AND ORDER

This matter comes on for consideration of Plaintiff's Motion for Summary Judgment (Docket Entry #56). Briefing is completed and the matter is ripe for consideration.

## Factual Findings

Plaintiff Southern Insurance Company ("Southern") issued an insurance policy which became effective on January 3, 2011 covering the residence and other structures owned by Defendant Nancy Hill ("Hill") located at 526 South Carr Pen Road, Atoka, Oklahoma (the "Property"). As a part of its terms, the insurance policy provided coverage as follows:

> 1. Our Limit – Subject to the deductible or other limitation that applies, "we" pay the lesser of:
>
>    a. the "limit" that applies;
>
>    b. "your" interest in the property; or
>
>    c. the amount determined under the applicable Loss Settlement Provisions.

The insurance policy also stated with regard to any

modifications of its terms as follows:

> 3. Change, Modification or Waiver of Policy terms – A waiver or change of the "terms" of this policy must be issued by "us" in writing to be valid . . .

On March 23, 2011, Hill and Brandy Armstrong ("Armstrong") entered into a Real Estate Purchase Contract by which Hill would sell the Property to Armstrong. The Real Estate Purchase Contract provided that "[p]ossession of the property shall be given to the buyer on the date of closing", and that "[a]fter the closing or transfer of the property, such risk [of loss] shall be upon the Buyer."

On April 13, 2011, the sale of the Property closed. On that date, Armstrong paid the purchase price, Hill executed a Warranty Deed in favor of Armstrong, Hill transferred possession of the Property to Armstrong, and the mortgage Hill had taken on the Property was paid in full. All requirements for transfer of ownership and possession under the Real Estate Purchase Contract from Hill to Armstrong were satisfied.

On April 14, 2011, the Property was damaged by tornadic winds and hail. Hill testified that the Property no longer belonged to her after closing. She did not pay any money out of pocket to fix the damages to the Property.

Hill contends that she agreed to keep the insurance policy in effect for Armstrong's benefits post-closing until midnight on

April 15, 2011.  Hill and Armstrong contend they disclosed the sale of the property to Donna Hardman ("Hardman"), an agent at First Insurance in Atoka, Oklahoma which placed insurance on behalf of Southern.  Hill states Hardman represented that she would keep the policy in place until April 15, 2011.  Hill asserts the policy was kept in place to permit Armstrong to secure her own policy.

By letter dated May 5, 2011, Southern informed Hill that it would not pay coverage under the policy for the damage done to the Property because Hill no longer owned the Property at the time of the loss and, therefore, no longer possessed an insurable interest in the Property.  On September 11, 2011, Hill executed an assignment of any and all claims she might have against Southern, First Insurance, and Hardman arising from Southern's refusal to pay under the policy to Armstrong.

On November 6, 2012, Southern initiated this declaratory judgment action (1) declaring that Hill did not possess an insurable interest in the Property on April 14, 2011, the date the real property was damaged by wind and hail storms; (2) declaring that Hill's insurance policy limits the amount Southern is obligated to pay on a claim or loss to the extent of Hill's interest in the Property; and (3) declaring that the terms of Hill's insurance policy could not be waived or modified without a writing issued by Southern.

## Standard on Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983).

With regard to the facts related herein, this Court finds that no genuine issue exists as to the material facts recited. Many of Hill's additional facts concerning her beliefs and Hardman's

alleged representations are of no moment to the disputed issues in this case.

## **Conclusions of Law**

At the outset, it is important to recognize the limitations of this action. Southern has brought this action under the Declaratory Judgment Act found at 28 U.S.C. § 2201. This is not an action for breach of contract, breach of the implied duty of good faith and fair dealing between an insured and insurer, or for fraud or material misrepresentation. Hill has not brought a counter claim for any such relief. Certainly, Armstrong, who was never in privity with Southern, is not a named party to this action. It is, indeed, an odd posture for the parties to this action. Should Southern's position under the policy prevail, Hill will not suffer a quantifiable loss as she no longer owns the Property. For its part, Southern owes no duty to Armstrong, the party who suffered the property loss, because Armstrong was not its insured under the Policy, the alleged assignment between Hill and Armstrong notwithstanding.

The extent of relief which may be granted in this proceeding is limited:

> A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 1175-76, 86 L.Ed. 1620 (1942); Western Casualty and Surety Co. v. Teel, 391 F.2d 764, 766 (10th Cir.1968). But nothing in the Declaratory Judgment Act prohibits a

court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues. The Act specifically states that the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added). We recognized in <u>United States v. Fisher-Otis Co., Inc.</u>, 496 F.2d 1146, 1149 (10th Cir.1974) that "[a] request for relief may be so limited under the Declaratory Judgment Act, and any further necessary and proper relief based upon the declaratory judgment and any additional facts which might be necessary to support such relief can be sought at a later time."

<u>Kunkel v. Continental Cas. Co.</u>, 866 F.2d 1269, 1276 (10th Cir. Okla. 1989).

Issues surrounding whether (1) Hardman acted as an agent of Southern; (2) Hardman represented that coverage under the policy would extend to Armstrong - a non-party to the contract - a disputed fact under the deposition testimony offered herein; (3) Hardman could create an insurable interest in a stranger to the insurance contract in complete contravention to the terms of the insurance policy; (4) either waiver, estoppel, or both theories preclude Southern from denying coverage; and (5) Hill can assign her rights under and arising from the insurance contract to Armstrong without the written consent of Southern are all issues outside the scope of this declaratory judgment action. As the Tenth Circuit authority cited relates, this Court may determine the legal rights under the express terms of the insurance contract and any additional relief sought on other various legal theories can be

taken up in a subsequently brought case.[1] It is with this legal limitation in mind that this Court approaches the requested relief.

The insurance policy expressly provides coverage only to the extent of the insured's "interest in the property." The only legally insured party in to the policy was Hill. Moreover, Oklahoma law provides that: "No insurance contract on property or of any interest therein or arising therefrom shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured." Okla. Stat. tit. 36 § 3605(A). An "insurable interest" is defined as "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." Okla. Stat. tit. 36 § 3605(B).

In determining whether an insurable interest exists, Oklahoma

---

[1] This Court notes that none of the cases cited by Hill wherein the representations of agents gave rise to issues of waiver or estoppel arose in the context of a declaratory judgment action seeking the limited relief sought in this case. *See* McGeehee v. Farmers Ins. Co., Inc., 734 F.2d 1422 (10th Cir. 1984)("The plaintiffs-appellants sued Farmers Insurance Company on a fire insurance policy."); McQuay v. Penn-America Ins. Co., 91 Fed.Appx. 626 (10th Cir. 2003)("The case proceeded to trial and the jury returned a verdict in favor of (1) Plaintiff on the breach of contract claim, and (2) Defendant on the bad faith claim."); Schonwald v. Sun Ins. Office, Ltd., 276 F.Supp. 775 (W.D. Okla. 1967)("This is an action to recover on an insurance policy affording protection against loss of rents directly resulting from untenantability of the subject premises caused by destruction or damage by fire or other named perils."); Rochester American Ins. Co. v. Thomas, 54 P.2d 151 (Okla. 1935)("This is an appeal by defendant below from a judgment rendered against it and in favor of Lena J. Thomas in the sum of $600, representing the amount due on a policy of fire insurance."); American Ins. Co. v. Jueschke, 237 P. 585 (Okla. 1925)(action by plaintiff to recover on insurance policy upon theft of vehicle).

courts have adopted the "factual expectation theory of insurable interest" wherein the court must evaluate "if the insured would gain some economic advantage by its continued existence or would suffer some economic detriment in case of its loss or destruction." Snethen v. Okla. State Union of the Farmers' Educ. and Copperative Union of America, 664 P.2d 377, 380 (Okla. 1983); *see also* Delk v. Markel American Ins. Co., 81 P.3d 629, 633-34 (Okla. 2003). At the time of the loss in this case, Hill would neither gain an economic advantage through the continued existence of the property nor suffer an economic detriment. Her interest, both legal and actual, in the property had been transferred to Armstrong and she had absolutely no enforceable interest in the property. As a result, this Court must conclude as a matter of law and contractual interpretation that Hill possessed no insurable interest in the Property at the time of the loss, both under the terms of the insurance policy and under the current state of Oklahoma law.

Southern next requests a finding that the insurance policy limits the amount it is obligated to pay on a loss claim to the extent of Hill's interest. Since the policy and the law requires an insurable interest to exist before coverage is extended to the insured, this question is effectively moot. No insurable interest remained in Hill, therefore, no legal obligation existed for Southern to extend coverage under the subject policy to Hill.

The deposition testimony indicates that, at the time of the

loss, certain personal property belonging to Hill remained on the Property and that Southern paid for the damage to the property. Certainly, as far as any personal property is concerned, the policy extended coverage to the level of Hill's interest in the personal property. However, by that time, Hill's insurable interest in the Property no longer existed.

The final question posed by this declaratory judgment action is whether the **insurance contract itself** provides that its terms could not be modified or waived unless it was in a writing issued by Southern. The policy does provide that a change in its terms must be in a writing issued by Southern.

Again, the ruling on the pending Motion is limited to establishing the legal rights of the parties under the written contract. Any application of this determination in another case for recovery may be tempered by other legal theories not available in this action.

IT IS THEREFORE ORDERED that Plaintiff Southern Insurance Company's Motion for Summary Judgment (Docket Entry #56) is hereby **GRANTED**. The rights of the parties under the subject insurance policy are declared to be as more fully outlined herein above.

IT IS SO ORDERED this 31st day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE